## THE RESCUE.[1]

### GLOUCESTER FERRY CO. v. THE RESCUE.

*(District Court, E. D. Pennsylvania. August 6, 1892.)*

COLLISION BETWEEN STEAMERS.

A steamboat approaching her wharf is bound to observe the signal of another steamer backing out from another wharf, and to note the visible effect of the tide on the latter, and whether she has sufficient steerageway for handy control or speedy movement, before shaping and holding her course directly towards her, even though the former had given a lawful signal, by obeying which the latter, under ordinary circumstances, would have cleared.

In Admiralty. Suit by the Gloucester Ferry Company to recover damages from the tug Rescue for a collision. Libel dismissed.

*Charles H. Downing,* for libelant.

*John F. Lewis,* for respondent.

BUTLER, District Judge. On August 12, 1890, when the ferryboat Peerless, on her way from Gloucester to South street wharf, Philadelphia, had reached a point opposite, and near Windmill island, in the river Delaware, she saw the tug Rescue alongside the end of Knight's wharf,—

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

some distance below South street. The tug had been lying at the upper side of this wharf, with her stern to the river. After signaling her purpose to move, she had backed out,—her stern swinging up the river under the influence of a flood tide,—and had started down, intending to turn eastward and run up. When she reached the end of the wharf, (where seen,) the Peerless signaled her to port and keep westward. She immediately responded and ported; but having little steerageway on, the tide swung her head eastward, and she swerved off in that direction, passing a short distance from the wharf. The Peerless, instead of keeping eastward under a port wheel, as her duty required, after signaling, starboarded, and ran directly towards the Rescue, (under expectation, doubtless, that the latter would pass down the river.) When near together both vessels reversed their engines, but too late to escape collision, and they came together, virtually head on.

The testimony, as usual in such cases, is irreconcilable. Some of it (from ignorance of the witnesses, or other cause) seems incredible. I find the facts to be, however, as above stated.

The Peerless was, in my judgment, clearly in fault. She should have heard the Rescue's first signal, and observed her movements from the start. Two at least of those on board her did. This failure may not be very important, except as it tends to show general carelessness. And yet, had she observed these movements she should have known that the vessel's steerageway was insufficient for her handy control, or speedy movement. The act of putting her wheel to starboard, instead of port, running directly towards the Rescue, and continuing this course until almost upon her, was clear (if not gross) negligence. I can see no excuse for it. She had no occasion to cross so low down. She could as well have reached South street by keeping off eastward, and going higher. A change of wheel when even a short distance back would have avoided the accident. As before suggested, she doubtless expected the Rescue to pass down, westward. She should have seen however, in time to change her wheel and escape the danger, that the Rescue was swinging eastward; and yet she kept directly on with no attempt to change until the collision was inevitable.

The only doubt I have is whether the Rescue could have done more than she did to avoid the accident. I am satisfied she ported when signaled to do so. This seems to be put beyond doubt, not only by the testimony of those on board, but also by the fact that her head did not swing further up. But whether with greater exertion,—the application of more steam,—she could not have gotten further down before the Peerless reached the point where she lay; and whether she reversed as soon as she should, I have some doubt. The burden of proof, however, is on the libelant; and under the circumstances, the doubt is not sufficient to justify a finding in her favor. Her own fault is sufficient to account for the accident; and to warrant the court in relieving her of any part of the consequences the evidence of fault in the respondent should be clear. The libel must be dismissed, and a decree may be prepared accordingly.